UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

KENDRA RINESS,

       Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant,
_____/

Case No.  1:14-cv-1269

HON. JANET T. NEFF

### OPINION

This is a social security action brought under 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner).  Plaintiff Kendra Riness seeks review of the Commissioner's decision denying her claim for supplemental security income (SSI) under Title XVI of the Social Security Act.

### STANDARD OF REVIEW

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process.  *See Willbanks v. Sec'y of Health & Human Servs.*, 847 F.2d 301, 303 (6th Cir. 1998).  The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision.  *See Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989).  The Court may not conduct a *de novo* review of the case, resolve evidentiary conflicts, or decide questions of credibility.  *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).  It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings

are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Health & Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health & Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984). The substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

**PROCEDURAL POSTURE**

Plaintiff was 37 years of age on the date of the Administrative Law Judge's (ALJ) decision. (Tr. 24, 50.) She completed the twelfth grade and was previously employed as a laborer. (Tr. 52, 78.) Plaintiff applied for benefits on April 5, 2012, alleging that she had been disabled since October 21, 2011, due to "degenerative disk disease-stenosis-myofacial lumbar cervi." (101, 110, 166–72.) Plaintiff's application was denied on September 19, 2012, after which time she requested a hearing before an ALJ. (Tr. 117–123.) On July 10, 2013, Plaintiff appeared with her counsel before ALJ David R. Bruce for an administrative hearing with testimony being offered by Plaintiff

and a vocational expert (VE). (Tr. 44–85.) In a written decision dated October 31, 2013, the ALJ determined that Plaintiff was not disabled. (Tr. 24–43.) On October 29, 2014, the Appeals Council declined to review the ALJ's decision, making it the Commissioner's final decision in the matter. (Tr. 1–5.) Plaintiff subsequently initiated this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

## ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining the claimant's residual functional capacity (RFC). *See* 20 C.F.R. §§ 404.1545, 416.945.

Plaintiff has the burden of proving the existence and severity of limitations caused by her impairments and that she is precluded from performing past relevant work through step four.

---

[1]
1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. § 404.1520(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. § 404.1520(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. § 404.1520(d));

4. If an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. § 404.1520(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. § 404.1520(f)).

*Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003).  At step five, it is the Commissioner's burden "to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.*

ALJ Bruce determined Plaintiff's claim failed at the fifth step of the evaluation. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her application date. (Tr. 30.)  At the second step in the sequential evaluation, the ALJ determined Plaintiff had the following severe impairments: (1) rheumatoid arthritis; (2) degenerative disc disease; and (3) obesity. (Tr. 30.)  At the third step, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments. (Tr. 30–31.)  At the fourth step, the ALJ found that Plaintiff retained the RFC based on all the impairments

> to perform sedentary work as defined in 20 CFR 416.967(a) in that the claimant can lift or carry ten (10) pounds occasionally and less than ten (10) pounds frequently, can stand and/or walk about two (2) hours and can sit about six (6) hours during an eight hour workday, except: the claimant must be allowed to stand for five (5) minutes after twenty (20) minutes of sitting, at-will, throughout the day; the claimant can occasionally balance, stoop, kneel, crouch, crawl, and climb ramps or stairs, but she must never climb ladders, ropes, or scaffolds; and the claimant can frequently handle, finger, and feel, bilaterally.

(Tr. 31–32.)  Continuing with the fourth step, the ALJ also determined that Plaintiff was unable to perform any past relevant work. (Tr. 32.)

At the fifth step, the ALJ questioned the VE to determine whether a significant number of jobs exist in the economy which Plaintiff could perform given her limitations. *See Richardson*, 735 F.2d at 964.  The VE identified the positions of telephone information clerk, document preparer, and final assembler as jobs Plaintiff could perform. (Tr. 78–80.) The VE further

4

testified that these jobs amounted to 4,500 positions in the State of Michigan. (Tr. 78–80.) This represents a significant number of jobs. *See Hall v. Bowen*, 837 F.2d 272, 274 (6th Cir. 1988); *McCormick v. Sec'y of Health & Human Servs.*, 861 F.2d 998, 1000 (6th Cir. 1988).

Accordingly, the ALJ determined that Plaintiff was not under a disability at any point from April 5, 2012 (the date of application) through October 31, 2013 (the date of the decision). (Tr. 38–39.)

## DISCUSSION

Plaintiff presents a single paragraph of several issues for review.[2] The Court finds Plaintiff has raised the following claims of error:

1. The ALJ erred in failing to give proper weight to the medical opinions in the record; and

2. The ALJ's conclusion at Step 5 is without substantial evidence because the hypothetical to the VE failed to include Plaintiff's subjective statements.

(ECF No. 9, PageID.534).

### A.   Medical Opinions.

Plaintiff appears to argue that the ALJ failed to properly assess the medical opinions in this case. However, Plaintiff's brief provides only a litany of boilerplate case law concerning an ALJ's obligation to properly consider certain types of medical opinions. (ECF No. 9, PageID.540–42.) If Plaintiff claims the ALJ erred in evaluating the medical opinions in the record, one would presume that Plaintiff would, at a minimum, identify the medical professional, the

---

[2] In this, Plaintiff's counsel failed to follow the Court's notice that initial briefs "must contain a Statement of Errors, setting forth the specific errors of fact or law upon which Plaintiff seeks reversal or remand." (ECF No. 6, PageID.520.) Plaintiff's Counsel should be aware that failure to follow such notices in the future may result in briefs being stricken.

opinion that she claims the ALJ erred in evaluating, and point the Court to some alleged error. Plaintiff's brief is entirely devoid of such an analysis, however, and the Court will not speculate on possible arguments for Plaintiff. Accordingly, the Court finds Plaintiff has waived this claim of error. *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones.") (quoting *Citizens Awareness Network, Inc. v. U.S. Nuclear Regulatory Comm'n*, 59 F.3d 284, 293–94 (1st Cir. 1995)). Recognizing Plaintiff's interest in this matter, the Court has nonetheless thoroughly examined the record and the ALJ's discussion of the opinions. (Tr. 36–37.) The ALJ stated he considered the opinion evidence in accordance with the requirements of 20 C.F.R. § 416.927, and in this the Court finds no error. (Tr. 32.)

### B.     Subjective Allegations.

At the administrative hearing, Plaintiff testified that she was limited to an extent far greater than that recognized by the ALJ. Among other things, Plaintiff stated that several times a day she needed to elevate her legs above waist level. (Tr. 74.) When Plaintiff's counsel posed this limitation in the form of a hypothetical to the VE, the VE responded that there would be no jobs Plaintiff could perform. (Tr. 82.) Plaintiff argues that the ALJ's decision to discount her credibility is not supported by substantial evidence. (ECF No. 9, PageID.534–40.) The Court disagrees.

As the Sixth Circuit has long recognized, "pain alone, if the result of a medical impairment, *may* be severe enough to constitute disability." *King v. Heckler*, 742 F.2d 968, 974 (6th Cir. 1984) (emphasis added); *see also Grecol v. Halter*, 46 F. App'x 773, 775 (6th Cir. 2002) (same). As the relevant Social Security regulations make clear, however, a claimant's "statements

about [her] pain or other symptoms will not alone establish that [she is] disabled." 20 C.F.R. § 404.1529(a); *see also Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997) (quoting 20 C.F.R. § 404.1529(a)); *Hash v. Comm'r of Soc. Sec.*, 309 F. App'x 981, 989 (6th Cir. 2009). Instead, as the Sixth Circuit has established, a claimant's assertions of disabling pain and limitation are evaluated pursuant to the following standard:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

*Walters*, 127 F.3d at 531 (citations omitted). This standard is often referred to as the *Duncan* standard. *See Workman v. Comm'r of Soc. Sec.*, 105 F. App'x 794, 801 (6th Cir. 2004).

Accordingly, "subjective complaints may support a finding of disability only where objective medical evidence confirms the severity of the alleged symptoms." *Id.* (citing *Blankenship v. Bowen*, 874 F.2d 1116, 1123 (6th Cir. 1989)). However, where the objective medical evidence fails to confirm the severity of a claimant's subjective allegations, the ALJ "has the power and discretion to weigh all of the evidence and to resolve the significant conflicts in the administrative record." *Id.* (citing *Walters*, 127 F.3d at 531).

In this respect, it is recognized that the ALJ's credibility assessment "must be accorded great weight and deference." *Id.* (citing *Walters*, 127 F.3d at 531); *see also Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 536 (6th Cir. 2001) ("[i]t is for the [Commissioner] and his examiner, as the fact-finders, to pass upon the credibility of the witnesses and weigh and evaluate their testimony"). It is not for this Court to reevaluate such evidence anew, and so long as the ALJ's determination is supported by substantial evidence, it must stand. The ALJ found Plaintiff's

subjective allegations to not be fully credible, a finding that should not be lightly disregarded. *See Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 780 (6th Cir. 1987). In fact, as the Sixth Circuit recently stated, "[w]e have held that an administrative law judge's credibility findings are virtually unchallengeable." *Ritchie v. Comm'r of Soc. Sec.*, 540 F. App'x 508, 511 (6th Cir. 2013) (citation omitted).

The ALJ gave a lengthy explanation of his factual finding regarding Plaintiff's credibility and concluded that the objective evidence and Plaintiff's testimony regarding her activities of daily living do not support a finding that Plaintiff was as limited as she alleged. (Tr. 32–33.) It was appropriate for the ALJ to take Plaintiff's daily activities into account in making his credibility determination. *See Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007); *Blacha v. Sec'y of Health & Human Servs.*, 927 F.2d 228, 231 (6th Cir. 1990). Plaintiff stated she rarely drove, but admitted no physicians had prohibited her from driving nor did she have a handicapped sticker. (Tr. 51.) Plaintiff further testified that she could attend to her personal hygiene, go shopping, prepare meals, do dishes, clean, vacuum, and take care of her mother with her sister. (Tr. 69, 70.) All this undercuts the credibility of her claims of more significant functional limitations.

Plaintiff attempts to bolster her argument by noting that she had been told to elevate her legs by a physician. (ECF No. 9, PageID.539 (citing Tr. 311.)) The record also contains an ER treatment note where, after Plaintiff complained of pain in her left knee that had developed earlier that day, a physician stated Plaintiff should elevate her leg and follow up with her primary care physician. (Tr. 449.) As an initial matter, merely pointing to evidence from which an ALJ could have ruled a different way does not satisfy Plaintiff's burden of demonstrating the ALJ's decision

lacked substantial evidence. As noted, ALJs have a zone of choice in which they may rule, without judicial interference. *See Mullen*, 800 F.2d at 545. In this case, the ALJ considered Plaintiff's statements that she needed to elevate her legs, but found them less than fully credible because the medical record showed that Plaintiff's arthritis and swollen extremities were successfully treated with medication. (Tr. 34–35, 406.) Moreover, none of the treatment notes directing Plaintiff to elevate her legs require her to do so above waist level. (Tr. 311, 449.) They are not, therefore, inconsistent with the VE's testimony that Plaintiff could still perform sedentary work with her legs elevated beneath waist level. (Tr. 82.) Accordingly, substantial evidence supports the ALJ's decision to discount Plaintiff's subjective complaints.

Plaintiff further contends that the ALJ should have adopted the VE's testimony in response to a hypothetical incorporating her subjective complaints. A VE's testimony in response to a hypothetical question accurately reflecting a claimant's impairments provides substantial evidence supporting the Commissioner's decision at step 5. *See Varley*, 820 F.2d at 779. As noted, the VE testified that under a hypothetical incorporating Plaintiff's subjective allegations, Plaintiff would be unable to perform even sedentary work. (Tr. 82.) An ALJ's hypothetical question, however, need only include those limitations which the ALJ accepts as credible. *See Blacha v. Sec'y of Health & Human Servs.*, 927 F.2d 228, 231 (6th Cir. 1990). It is well settled that a hypothetical question to a VE need not include unsubstantiated complaints. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993); *see also Carrelli v. Comm'r of Soc. Sec.*, 390 F. App'x 429, 438 (6th Cir. 2010) ("[I]t is 'well established that an ALJ may pose hypothetical questions to a vocational expert and is required to incorporate only those limitations accepted as credible by the finder of fact.'") (quoting *Casey*, 987 F.2d at 1235). The VE does not determine a

9

claimant's medical restrictions or how they impact the claimant's RFC–that is the ALJ's job. *See Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 247 (6th Cir. 1987). In this case the ALJ found that Plaintiff's subjective complaints were not fully credible, and the Court has determined his decision is supported by substantial evidence. As such, the ALJ was not bound by the VE's responses to hypothetical questions incorporating a contrary assumption. Accordingly, Plaintiff's claim of error is rejected.

## CONCLUSION

For the reasons set forth herein, the Commissioner's decision will be **AFFIRMED**. A separate judgment shall issue.


Dated:      January 22, 2016                    /s/ Janet T. Neff
                                                JANET T. NEFF
                                                UNITED STATES DISTRICT JUDGE